# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL RAY RAMIREZ,** | : | |
| Petitioner | : | |
| | : | CIVIL NO. 3:CV-15-1871 |
| v. | : | |
| | : | (Judge Caputo) |
| **WARDEN MAIORANA,** | : | |
| Respondent | : | |

# M E M O R A N D U M

## I. Introduction

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner, Daniel Ray Ramirez, an inmate currently incarcerated at the Memphis Federal Correctional Institution, in Memphis, Tennessee. Mr. Ramirez challenges his 2005 conviction and sentence arising in the United States District Court for the Southern District of Texas, Victoria Division.

For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

## II. Background

On September 16, 2004, Mr. Ramirez was indicted in the United States District Court for the Southern District of Texas, Victoria Division, on three counts:

> (1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) possession with intent to distribute 'approximately eleven (11) grams

> of a mixture or substance containing cocaine base (also known as crack cocaine)' in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

*United States v. Ramirez*, No. 6:11-17, 2014 WL 6674303 (S.D. Tx Nov. 24, 2014). Mr. Ramirez plead guilty to all three counts. He was sentenced to 262 months of imprisonment; five years supervised release, and a $300 special assessment. Because Mr. Ramirez did not file an appeal, his conviction was final on August 29, 2005. (*Id.*)

On March 22, 2011, Ramirez filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255 asserting that he was innocent of the 18 U.S.C. § 924(c), possessing a firearm in furtherance of a drug crime. (ECF No. 1-1, p. 1.) In making this argument, Mr. Ramirez relied on *United States v. Bailey*, 516 U.S. 137, 146, 116 S.Ct. 501, 507, 133 L.Ed.2d 472 (1995); *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); and *Watson v. United States*, 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007). (*Id.*) He also claimed that he plead guilty to possession of cocaine under 21 U.S.C. § 841(b)(1)(c) but was sentenced as if he plead guilty to possession of cocaine under 21 U.S.C. § 841(b)(1)(B) which improperly enhanced his career offender base offense level. He also claimed that in light of *Johnson v. United States,* _____ U.S. _____, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) he no longer qualifies as a career offender. Finally, he raised a claim of ineffectiveness of counsel. (ECF No. 1-1, p. 7 – 13.)

On January 17, 2012 the magistrate judge recommended dismissal of Mr. Ramirez's § 2255 motion as untimely filed and that Petitioner was not entitled to equitable tolling of

the limitations period based on his "actual innocence" claim. *United States v. Ramirez*, CA No. V-11-017, 2012 WL 2120582 (.D. Tex. Jan. 17, 2012). On July 25, 2012, the district court found the § 2255 motion untimely by more than five years and ruled Mr. Ramirez's claims of actual innocence were insufficient to equitably toll the statute of limitations with respect to his § 2255 motion. The court denied issuing a Certificate of Appealability. *United States v. Ramirez*, CA No. V-11-17, 2012 WL 3049831 (S.D. Tx. Jul. 25, 2012).

On December 9, 2013, the United States Court of Appeals for the Fifth Circuit affirmed the denial of Mr. Ramirez § 2255 motion as time barred without excuse and denied his request for a certificate of appealability. *See* ECF No. 5-1, pp. 14 – 15, *United States v. Ramirez*, USDC No. 6:04-CR-82-1 (5th Cir. Dec. 9, 2013) (slip op.)

Mr. Ramirez then sought leave to file a second or successive motion under 28 U.S.C. § 2255. Noting that Petitioner has neither sought nor received the required authorization from the Fifth Circuit Court of Appeals to do so, his motion was denied as well as his request for a certificate of appealability. Mr. Ramirez's motion for leave to file a second or successive motion under § 2255 was denied by the sentencing court on June 30, 2014. *United States v. Ramirez*, CA No. 6:11-17, 2014 WL 3002426 (S.D. Tex. Jun. 30, 2014).

In May 2016, Mr. Ramirez filed a motion for authorization to file a successive § 2255 petition before the Fifth Circuit Court of Appeals invoking *Johnson* and arguing he is entitled to relief from the career offender enhancement. The Fifth Circuit Court of Appeals denied his request. *In re: Daniel Ramirez*, No. 16-40652 (5th Cir. Jun. 22, 2016).

Before this Court, Mr. Ramirez raises the same grounds of relief (minus his ineffectiveness of counsel claim) presented in his untimely § 2255 motion. The three claims raised are: (1) he is actually and factually innocent of his conviction under 18 U.S.C. § 924(c) relying on *Bailey, Bousley, and Watson;* (2) the government breached his plea agreement; and (3) that in light of *Johnson*, he no longer qualifies as a career offender. Mr. Ramirez filed an motion to amend (ECF No. 9) noting the Supreme Court's decision in *Welch v. United States*, _____ U.S. _____, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) which held *Johnson* was retroactive to cases on collateral review.[1]

### III. Standard of Review

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under [28 U.S.C.] § 2255. *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). Yet, "to this limitation, Congress also provided a saving clause: a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Id*. (citations omitted); *see also* § 2255(e). If a petitioner previously has filed a § 2255 motion, he must apply for and receive permission from the appropriate court of appeals before filing a successive § 2255 motion. 28 U.S.C. § 2244(b)(3), 2255(h).[2] The claimed inadequacy or ineffectiveness must be "a limitation of scope or procedure … prevent[ing] a § 2255

---

[1] The Court will grant Mr. Ramirez's motion to amend.

[2] A second or successive § 2255 motion must be based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

proceeding from affording … a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States,* 290 F.3d 536, 538 (3d Cir. 2002)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. Rather, only when a federal prisoner is "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241." *Bruce*, 868 F.3d at 179 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).

If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Fraser v. Zenk*, 90 F. App'x 428, 430 (3d Cir. 2004) (citing *Application of Galante*, 437 F.2d 1154, 1165 (3d Cir. 1971)).

**IV.**     **Discussion**

     **A.**     **Petitioner's challenge to 18 U.S.C. § 924(c) conviction.**

Mr. Ramirez claims that he is innocent of his § 924(c) conviction in light of *Bailey*, *Bousley* and *Watson*. As Respondent notes, the Supreme Court rulings in these cases do not open the door to § 2241 for Mr. Ramirez The cases upon which Mr. Ramirez relies do not demonstrate or even suggest that he did not commit the crimes to which he plead guilty. Additionally, Petitioner was convicted *after* the Supreme Court's rulings in *Bailey*

and *Bousley* were decided. *Watson* was decided in 2007, approximately four years after Mr. Ramirez filed his § 2255 motion.[3] (ECF No. 5.) Accordingly, he could have raised this claim at the time of his sentencing, on appeal, or in his § 2255 motion and thus does not fall within the narrow exception outlined in *Dorsainvil* in which § 2241 relief could be sought in this court.

### B. Breach of Plea Agreement

Mr. Ramirez claims that the government breached his plea agreement. This claim clearly attacks the validity of his conviction and sentence. Any such claim therefore must be challenged in a motion pursuant to 28 U.S.C. § 2255. *Ryan v. Scism*, 445 F. App'x 580, 583 (3d Cir. 2011). Again Mr. Ramirez fails to show that his claim fits within the narrow "savings clause," thus he is required to proceed by motion under § 2255.

### C. Mr. Ramirez's Challenge to his Enhanced Sentence as a Career Offender Pursuant to USSG § 4B1.1

Mr. Ramirez argues that following *Begay*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) and *Johnson*,[4] *supra*, his sentence enhancement under the United

---

[3] Moreover, Mr. Ramirez unsuccessfully raised *Watson* in his § 2255 motion. Although the § 2255 motion was untimely, the sentencing court examined his claims to determine whether he was entitled to statutory or equitable tolling of the limitations period. The sentencing court found Mr. Ramirez's *Watson* "claim meritless because the offense conduct giving rise to Ramirez' conviction under 18 U.S.C. § 924(c)(1)(A) was not that Ramirez traded the firearm for crack, but instead that he pointed the firearm at a police officer's head to protect his crack supply while the officer was attempting to arrest him on several state felony warrants." *United States v Ramirez*, V-04-82, 2012 WL 5381790, at *3 (S.D. Tx Oct. 31, 2012).

[4] We note that in *Welch v. United States*, ____ U.S. ____, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review.

- 6 -

States Sentencing Guidelines (U.S.S.G.) as a career offender is invalid. First, as Respondent correctly notes, with respect to his request for relief on the basis of *Begay*, the case was available to Petitioner to raise in his § 2255 motion – Petitioner filed that motion three years after the *Begay* decision was issued. *See also Pearson v. Warden Canaan USP*, 685 F. App'x 93, 96 (3d Cir. 2017).

Next, Mr. Ramirez argues that he is "actually innocent" of being categorized as a career offender under U.S.S.G. § 4B1.1. He claims the holdings in *Johnson* and *Welch* apply retroactively to cases under collateral review "involving either ACCA or 'a' Guidelines Provision Implicating similar residual clause. In which in the instant case is referring to defendants 4b.1 enhancement, in which is considered no longer applicable under current law, and is considered unconstitutionally vague under the ruling of *Johnson*". (ECF No. 9, pp. 1 – 2.) Mr. Ramirez previously tried, unsuccessfully, to make the identical challenge in his application to file a successive collateral attack. His reliance on *Johnson* and *Welch* is misplaced as those ruling involved the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), and not the federal sentencing guidelines. The Supreme Court recently held that the residual clause in U.S.S.G. 4B1.2(a) was not subject to a vagueness challenge, distinguishing the situation where a sentence was based on the advisory guidelines from a sentence imposed under the residual clause of the ACCA statute. *Beckles v. United States*, _____ U.S. _____, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017) (distinguishing *Johnson*). Moreover, sentencing enhancement challenges are insufficient to invoke § 2241. The law is clear that such claims must be brought in a motion under 28 U.S.C. § 2255, unless that section would be "inadequate or ineffective" to raise the claims. *See*

*Okereke,* 307 F.3d at 120.  Just because a petitioner cannot meet the stringent requirements of § 2255 does not make this section inadequate or ineffective.  *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 102 (3d Cir. 2017) ("issues that might arise during sentencing [do] not make § 2255 inadequate or ineffective'").  Petitioner has pointed to no reason why § 2255 would be inadequate or ineffective to raise the instant challenges to his sentence.

**V.  Conclusion**

Based on the foregoing, the Court lacks jurisdiction to consider Mr. Ramirez's habeas petition.  Therefore, the Petition will be denied.

An appropriate Order follows.

                                            **/s/ A. RICHARD CAPUTO**
                                            **A. RICHARD CAPUTO**
                                            **United States District Judge**

**DATE:  October 5, 2017**